UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY DOWNS,

Petitioner,

v.

SACRAMENTO COUNTY SUPERIOR COURT,

Respondent.

No. 2:25-cv-3368 TLN CSK (HC)

ORDER

Petitioner, a county prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

For the following reasons, petitioner is ordered to show cause why this action should not be dismissed as duplicative of a habeas corpus petition filed earlier by petitioner in this court, case no. 2:25-cv-3367 WBS AC.[1] In the instant action, petitioner states that he challenges his

[1] This Court takes judicial notice of the petition filed in case no. 2:25-cv-3367 WBS AC. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

conviction in Sacramento County case no. 83F09695. (ECF No. 1 at 1.) The petition raises one claim for relief: "Violation of immun[ity] clause of Article IV of the Constitution, the First Amendment Petition Clause, Fifth Amendment Due Process Clause, Fourteenth Amendment Equal Protection and Due Process Clauses to Access to the Courts." (Id. at 6.) In support of this claim, petitioner refers to his declaration attached to the petition. (Id. at 9-30.) Petitioner attaches 101 pages of exhibits to the petition. (Id. at 31-132.) In the petition filed in case no. 2:25-cv-3367 WBS AC, petitioner challenges the same conviction, raises the same claim and attaches the same declaration. See case no. 2:25-cv-3367 WBS AC (ECF No. 1 at 1, 6, 9-30). Petitioner attaches 101 pages of exhibits to this petition, see id. (ECF No. 1 at 31-132), which are largely identical to the exhibits attached to the instant petition.

In general, when a pro se petitioner files a habeas petition during the pendency of a previous petition, the district court should construe the second petition as a motion to amend the previous petition. See Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, construing a duplicative petition as a motion to amend the earlier petition would be purposeless. See Pierce v. Obama et. al., 2015 WL 300676, at *2 (E.D. Cal. Jan. 22, 2015) ("[Petition] is an exact duplicate of the second amended petition currently pending in the previously filed action ... Therefore, construing the new petition as a motion to amend would serve no purpose.").

As discussed above, the instant petition and the petition filed in case no. 2:25-cv-3367 WBS AC assert an identical claim. Accordingly, petitioner is directed to show cause why the instant petition should not be dismissed as duplicative of the petition filed in case no. 2:25-cv-3367 WBS AC. If petitioner wishes to proceed on his first case, case no. 2:25-cv-3367 WBS AC, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) in this duplicative case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted;

2. Within thirty days of the date of this order, petitioner shall show cause why this action

should not be dismissed as duplicative of case no. 2:25-cv-3367 WBS AC. In the alternative, petitioner is granted thirty days from the date of this order to file a Notice of Voluntary Dismissal of the instant action.

Dated: August 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Down3368.osc/2